UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

HOWARD LEE YOUNG,

      Plaintiff,

v.                                 Case No. 25-C-251

LT. CHAD BEAVAIS, et al.,

      Defendants.

---

## SCREENING ORDER

---

Plaintiff Howard Lee Young, who was in custody at the Sand Ridge Secure Treatment Center at the time of filing, filed a *pro se* complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the filing fee and motion to appoint counsel and to screen the complaint. Dkt. Nos. 1, 3, & 4.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

Although Plaintiff is no longer incarcerated, he remains subject to the requirements of the Prison Litigation Reform Act (PLRA) because he was incarcerated at the time he filed his complaint. *See* 28 U.S.C. §1915(h) ("As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."). The PLRA gives courts discretion to allow plaintiffs to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. §1915(a). One of those requirements is that the

plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). Plaintiff has been assessed and paid an initial partial filing fee of $1.00. Dkt. No. 6. Therefore, the Court will grant Plaintiff's motion for leave to proceed without prepayment of the filing fee. Plaintiff is still required to pay the remainder of the fee over time as he is able.

### SCREENING OF THE COMPLAINT

Under the PLRA, the Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain

sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

At the relevant time, Plaintiff was an inmate at the Outagamie County Jail. Dkt. No. 1. Defendants are jail employees: Lieutenant (Lt.) Chad Beavais, Paul Rosenthal, Lt. Eric Evans, Captain (Cpt.) Kirk Schmidt, Capt. Thomas McVay, Capt. David Kiesner, Sheriff Clint Kriewadlt, Lt. Doug Verheyen, and Wisconsin Municipal Mutual Insurance Company. *Id*.

According to the complaint, in January 2024, while Plaintiff was at the jail, over 120,000 pages of exculpatory evidence, including a USB drive, "was stolen, vanished, [or] misplaced" from a "one-way-in, one-way-out" office space at the jail. *Id*. at 2-3. Plaintiff alleges that this office space was continuously occupied by officers on shifts, so other jail detainees could not have stolen anything. *Id*. Plaintiff alleges, "it is a firm belief that the defendants organized the stealing of the particular discovery in order to rid the plaintiff of key exculpatory evidence." *Id*. at 3. The stolen evidence is allegedly crucial in proving Plaintiff's innocence in an upcoming state court criminal jury trial in Case No. 2020CF844 (Outagamie Cty., Wis.). *Id*. Plaintiff states that if he is convicted in that case, he will have to serve 48 years in prison. *Id*. The jury trial is set for July 29, 2025.[1] Plaintiff states that "replacement materials were issued by the State district attorney's office,

---

[1] *See State of Wisconsin v. Howard Lee Young*, WISCONSIN CIRCUIT COURT ACCESS, https://wcca.wicourts.gov/caseDetail.html?caseNo=2020CF000814&countyNo=44&index=0&mode=details (last visited Mar. 12, 2025).

however." *Id*. For relief, Plaintiff seeks monetary damages and a "lengthy order of protection." *Id*. at 4.

**THE COURT'S ANALYSIS**

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

A §1983 claim is a "tort damage action." *See Lossman v. Pekarske*, 707 F.2d 288, 290 (7th Cir. 1983.) "There is no tort . . . without an injury . . . ." *Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013). As the Seventh Circuit has explained, the rule against improper destruction of exculpatory evidence does not mean that "every criminal defendant may bring a §1983 suit whenever any piece of exculpatory evidence is lost or destroyed." *Armstrong v. Daily*, 786 F.3d 529, 553 (7th Cir. 2015). "A plaintiff must still establish one of the necessary elements of a constitutional tort: that the officer's act . . . caused an injury." *Id*. For example, "an accused has no claim against an officer who fabricates evidence and puts the evidence in a drawer, never to be used." *Id*. Similarly, "if a state officer destroys evidence that would exculpate a person who is never prosecuted, there would be no injury and thus no constitutional tort actionable under §1983." *Id*. Separately, there is no constitutional violation where Defendants are merely negligent and are not acting in bad faith. *Id*. at 547.

Plaintiff alleges that over 120,000 pages of "exculpatory evidence" related to his upcoming state court criminal trial was "stolen, vanished, [or] misplaced" by correctional staff while he was at the Outagamie County Jail. However, Plaintiff also alleges that the "stolen, vanished,

4

[or] misplaced" exculpatory evidence has already been "replaced" by the DA's office *and* the criminal trial (for which he needs the evidence to prove his innocence) has not yet occurred. Plaintiff, in other words, has no injury. He already has the evidence he claims he needs and the loss of the allegedly exculpatory evidence did not result in a guilty finding or any other adverse consequence while it was allegedly "stolen, vanished, [or] misplaced." Plaintiff also is not currently in custody at the jail and Defendant correctional staff are not involved in litigating the underlying criminal prosecution anyway. This means that Plaintiff does not need a "lengthy order of protection" against Defendants for his legal materials going forward. Plaintiff therefore fails to state a claim upon which relief can be granted. *See Williams v. Patton*, 761 F. App'x 593, 596 (7th Cir. 2019) ("With no injury arising from the absence of the records, no constitutional tort occurred."). Because no amendment to the complaint can allege a constitutional injury, the Court will dismiss this case *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021) (holding that the Court need not provide an opportunity to amend when amendment would be futile). For that same reason, the Court will deny as moot Plaintiff's motion to appoint counsel.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Dkt. No. 3) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that Plaintiff shall pay the **$349.00** balance of the filing fee, over time, as he is able. Plaintiff must forward payments to the Clerk of Court. The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Green Bay, Wisconsin this 12th day of March, 2025.

William C. Griesbach
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.